# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 577 | **DATE** | 7/16/2013 |
| **CASE TITLE** | *Perkins v. Dart* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court does not dismiss the case as moot at this time. Defendant is ordered to respond to Plaintiff's motion to join no later than August 8, 2013. No reply necessary unless ordered by the Court. Plaintiffs' motion for attorney's fees as the prevailing party [94-1] is denied as premature. Plaintiffs may renew their motion, if necessary, at the appropriate time.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs seek injunctive relief under the Americans with Disabilities Act and the Fourteenth Amendment's equal protection clause requiring Tom Dart, Cook County Sheriff, to provide educational courses, including GED instruction, in Division X of the Cook County Jail.[1] According to the parties' prior filings, Division X is the section of the Cook County Jail where inmates with both medical and mental health issues are incarcerated. Upon reviewing the parties' summary judgment briefs, the Court noted an issue with its jurisdiction. Specifically, Defendant indicated in his brief that the claims by plaintiffs Perkins and Whitehead likely were moot since Perkins had been transferred out of Division X and Whitehead was receiving one-on-one tutoring. The Court ordered additional briefing on the issue.

Defendant maintains for the reasons stated above that the case is moot. In response to the request for briefing on the mootness issue, Plaintiffs now again move to join additional plaintiffs from Division X and, presumably in the alternative, to certify a class of those plaintiffs. Plaintiffs note that upon the filing of the *pro se* complaint, it was styled as a class action. Moreover, when counsel appeared for Plaintiffs, he made a motion for joinder to add plaintiffs from Division X, which this Court granted in part by adding Plaintiff Whitehead because the Court believed at the time that adding Whitehead would be sufficient to retain this Court's jurisdiction. Thus, it is clear that from the beginning of the case, Plaintiffs have sought relief for all individuals housed in Division X, not just themselves. Accordingly, the Court will not dismiss the case as moot until it has time to rule on the motion to join. Defendant is ordered to respond to the motion to join no later than August 5, 2013. No reply is necessary unless ordered by the Court.

In the meantime, the Court notes that Defendant, in both his summary judgment briefs and memorandum on the mootness issue, makes statements regarding Plaintiffs' standing in this case. Defendant seems to imply that Plaintiffs do not have standing, and thus this Court lacks subject matter jurisdiction over the case, because there is no causal connection between Plaintiff's injury and any action by the Defendant

**STATEMENT**

such that a finding against the Defendant would redress their injury. *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010) ("Standing exists when the plaintiff suffers an actual or impending injury, no matter how small; the injury is caused by the defendant's acts; and a judicial decision in the plaintiff's favor would redress the injury."). Specifically, Defendant asserts that the Cook County Department of Corrections ("CCDOC") does not decide which detainee is eligible for educational programs. According to Defendant, three organizations sponsor educational programs at CCDOC: Chicago Public Schools, Programmed Activities for Correctional Education ("PACE"), which is a division of the Safer Foundation, and the City Colleges of Chicago. (Mueller Aff., Dkt. # 95-1, at ¶ 4.) Defendant asserts that *any* inmate may submit a request for educational instruction, which a correctional rehabilitation worker at CCDOC forwards to the proper third-party educational provider. (*Id*. ¶¶ 5-7.) The educational providers, not CCDOC, then determine who may participate in the program. (*Id*. ¶¶ 6-8.)

The Court, however, does not perceive this as an issue of standing, which affects its subject matter jurisdiction over the case. Indeed, Plaintiffs have an alleged injury that can be redressed by this Court. Defendant seems to be asserting that it is not liable and that other parties are responsible for Plaintiffs' injury (*i.e*., Plaintiffs have sued the wrong defendant). Whether or not Defendant indeed has no liability for the implementation of educational programs offered in a CCDOC facility will be decided on summary judgment or at trial, but it is not an issue of Article III standing.

Finally, the Court denies Plaintiffs' motion for attorney's fees as the prevailing party [94-1] as premature. Plaintiffs may renew their motion, if necessary, at the appropriate time.

---

1. Plaintiffs note in earlier briefs that a prior consent decree entered in an unspecified case regarding the issue of educational opportunities in Division X has expired.