UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES PERKINS and RICKY WHITEHEAD, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS DART, et al. <br><br> Defendants. | Case No. 12-cv-00577 <br> Honorable Ronald A. Guzman <br><br> Magistrate Judge Susan E. Cox |

## ORDER

Plaintiffs filed a motion to strike defendants' responses to paragraphs 8, 9, 12, 13, 15, 16, 17, 18, 25, 27, 28, 29, 30, 31 and 32 of plaintiffs' 56.1(b)(3)(C) statement of material facts [dkt 125]. Plaintiffs seek to strike these responses, so that they are not considered by the Court in its ruling on the plaintiffs First Amended Motion for Class Certification. For the reasons stated below, the Court hereby denies plaintiffs' motion to strike defendants' responses to plaintiffs' 56.1(b)(3)(C) statement of material facts [dkt 125].

## STATEMENT

SUSAN E. COX, Magistrate Judge

This case was referred to the Court on August 15, 2013 for the purpose of a report and recommendation on plaintiffs' Motion to Certify Class of all Division X inmates.[1] On January 3, 2014, plaintiffs filed the present motion to strike simultaneously with their reply to their motion to certify class. The motion to strike seeks to strike certain responses by defendants' to plaintiffs' 56.1 statement of material facts that was filed with plaintiffs' motion for summary judgment. Plaintiff's motion for summary judgment was ultimately stricken.[2]

As an initial matter, plaintiffs' 56.1 statement of material facts and defendants' responses thereto are pleadings filed in regards to the parties' cross motions for summary judgment which are not before the Court.[3] Plaintiffs filed their motion to strike certain paragraphs of defendants' response to its 56.1 statement of material facts on the basis that this Court may want to rely on

---

[1] Dkt. 106.
[2] Dkt. 80.
[3] Local Rule 56.1(b)(3)(B) requires the non-movant to set forth facts that require the denial of summary judgment supported by specific references to the record.

plaintiffs' statement of material facts in full when deciding the motion for class certification.[4] Plaintiffs also rely on certain paragraphs in their initial class certification memorandum and reply brief.

Plaintiffs' motion to strike defendants' response to their 56.1 statement of material fact addresses paragraphs 8, 9, 12, 13, 15, 16, 17, 18, 25, 27, 28, 29, 30, 31 and 32. In plaintiffs' memorandum in support of their motion to certify class, they only rely on paragraph 10 of their 56.1 statement of material facts.[5] In plaintiffs' reply to the motion to their certify class, plaintiffs cite to paragraphs 7, 10, 28 and 29 of their 56.1 statement of material facts.[6] Therefore, it is only necessary for the Court to consider whether to strike the responses to paragraphs 28 and 29 because those are the only paragraphs relied on by the plaintiffs. Defendants dispute plaintiffs' facts in paragraphs 28 and 29 on the basis that the facts posit inadmissible hearsay.[7]

Plaintiffs' motion to strike sets forth no case law addressing why the Court should strike defendants' responses to their 56.1 statement of material facts in order to consider and decide their underlying Rule 23 motion for class certification. Defendants' response to plaintiffs' motion to strike also focuses on the collateral issue of why their objections are valid and why plaintiffs' statement of material facts is deficient, issues only relevant to deciding a motion for summary judgment, not a motion for class certification.

Generally, when deciding a Rule 23[8] motion to certify a class, the Court is bound by the pleadings.[9] However, the Court may have to look beyond the pleadings to determine if a plaintiff has satisfied the requirements of Rule 23(a).[10] The Court will consider the facts in the record as necessary to determine whether plaintiff has satisfied the requirements of Rule 23.[11] The Court will not determine factual disputes between the parties or the merits of the underlying claim.[12] A preliminary inquiry into the merits for the purpose of deciding a motion to certify class does not require the Court to decide the merits of plaintiff's underlying claim.[13] Whereas, the standard the Court uses when deciding a motion for summary judgment, is whether there is a genuine issue of material fact exists based on the admissible evidence that has been presented.[14]

In deciding the motion for class certification, the Court is focused on the facts in the record only insofar as to decide if plaintiffs have satisfied the requirements of Rule 23. Therefore any issues or arguments raised in the defendants' responses regarding the admissibility

---

[4] Dkt. 125.
[5] Dkt. 116; In defendants' Response to Plaintiffs' 56.1(b)(3) statement of material fact paragraph 10 is not disputed by the Defendants [dkt 77].
[6] Dkt. 127.
[7] Dkt. 77.
[8] Fed. R. Civ. P. 23
[9] *Szabo v. Bridgeport Machines Inc.,* 249 F.3d 672, 677 (7th Cir. 2001).
[10] *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011) (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).
[11] *See Szabo*, 249 F.3d at 676-77.
[12] *Id.*
[13] *Id.*
[14] *Gabrielle M. v. Park-Forest-Chicago Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003); Fed. R. Civ. P. 56(e).

of the evidence are not pertinent to the Court's class certification analysis.[15] Furthermore, the motion for summary judgment and accompanying documents were stricken and the Court would have no basis to consider the information from those pleadings unless the parties specifically incorporated them into their briefs. Here, the plaintiffs incorporate paragraphs 7, 10, 28, and 29 of their Rule 56.1 statements into their argument for class certification and the defendants do not refer to or incorporate their responses thereto. Therefore, the Court finds it unnecessary for the purposes of deciding the motion for class certification to strike the defendants' responses. Accordingly, plaintiffs' motion to strike certain paragraphs of defendants' response to plaintiffs' 56.1(b)(3)(C) statement of material fact is denied.

Date: March 5, 2014                                                                         /s/ Susan E. Cox,_____
                                                                                            U.S. Magistrate Judge

---

[15] *See Szabo*, 249 F.3d at 677.